UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVAUGHN DINGLE,

    Plaintiff,

v.

UNIFORM SOUTH
FLORIDA BOARD OF
TRUSTEES,

    Defendant.
_____/

Case No..: 8:21-CV-02861-MSS-AEP

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on June 1, 2022. Plaintiff's counsel, Anthony J. Severino, and Defendant's counsel, Sacha Dyson, attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
| --- | --- |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 6/27/22 |

| Action or Event | Date |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 8/15/22 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 12/10/22 |
| Defendant's deadline for disclosing any expert report. | 1/10/23 |
| Deadline for disclosing any rebuttal expert report. | 2/10/23 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 3/6/23 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 4/5/23 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Robert Stoler, One Tampa City Center, Suite 3100, 201 N. Franklin Street, Tampa, FL 33602 | 3/24/23 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 8/8/23 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 8/15/23 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 8/22/23 |
| Month and year of the trial term. | 9/5/23 |

The trial will last approximately 5-7 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

KeVaughn Dingle sued the University of South Florida Board of Trustees ("USF") for violating his rights under Title VI of the Civil Rights Act of 1964 and Title IX of the Education Amendments of 1972 relating to his expulsion from USF resulting from a student disciplinary hearing. USF denies Plaintiff's claims and any allegation of wrongdoing in all respects, and it asserts, as set forth in its pending Motion to Dismiss, that Plaintiff cannot state a claim upon which relief

2

can be granted under Title VI, Title IX, or any other basis. Plaintiff asserts, as set forth in his Response in opposition to the Motion to Dismiss, that he has adequately pleaded meritorious claims under Title VI and Title IX.

4. **Disclosure Statement**

   ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

   > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
   >
   > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

   ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

   ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

   ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

   ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

    The parties submit the following discovery plan under Rule 26(f)(2):

    A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☒ Yes.
    ☐ No; instead, the parties agree to these changes: enter changes.

    B. Discovery may be needed on these subjects: Plaintiff's claims and Defendant's defenses.

    C. Discovery should be conducted in phases:

    ☒ No.
    ☐ Yes; describe the suggested phases.

    D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

    ☒ No.
    ☐ Yes; describe the issue(s).

    E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

    F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

10. **Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

11. **Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

12. **Signatures**

/s/ Anthony J. Severino
Kenneth G. Turkel - FBN 867233
kturkel@tcb-law.com
Anthony J. Severino – FBN 093452
aseverino@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 N. Tampa Street, Suite 1900
Tampa, FL 33602
Tel: (813) 834-9191
Fax: (813) 443-2193
*Attorney for Plaintiff*

/s/ Sacha Dyson
Thomas M. Gonzalez – FBN 192341
thomas.gonzalez@gray-robinson.com
Sacha Dyson – FBN 509191
sacha.dyson@gray-robinson.com
Kevin M. Sullivan – FBN 1003812
kevin.sullivan@gray-robinson.com
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700
Post Office Box 3324 (33601-3324)
Tampa, Florida 33602
Tel: (813) 273-5000
Fax: (813) 273-5145
*Attorneys for Defendant*