UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVAUGHN DINGLE,

    Plaintiff,

v.                                          Case No.:  8:21-cv-2861-MSS-MRM

UNIVERSITY OF SOUTH
FLORIDA BOARD OF TRUSTEES,

    Defendant.
_____/

## ORDER

Pending before the Court is Plaintiff's Motion to Extend Discovery Deadline by Thirty Days and to Compel Corporate Representative Deposition and Production of Documents, filed on April 20, 2023. (Doc. 36). Defendant filed a response in opposition on May 1, 2023. (Doc. 39). The Court held oral argument on the motion on May 8, 2023.

For the reasons stated on the record during the May 8, 2023 hearing, the Court orders as follows:

    1.    Plaintiff's Motion to Extend Discovery Deadline by Thirty Days and to Compel Corporate Representative Deposition and Production of Documents (Doc. 36) is **GRANTED in part and DENIED without prejudice in part** as announced at the hearing and set forth below:

        a.    The motion is granted to the extent it seeks an extension of the discovery and other deadlines:

      i. The discovery deadline is reset to July 7, 2023, for the limited purpose of conducting the discovery contemplated in the motion *sub judice*. The Court clarifies that no additional discovery may be conducted, absent leave of Court.

      ii. All subsequent deadlines, including the trial term, are extended by a period of at least 60 days from the date of this Order beginning with the limited discovery cutoff, subject to the Court's calendar.

      iii. The Court will enter an Amended Case Management and Scheduling Order, setting forth the extended deadlines.

      iv. All other provisions of the Court's prior scheduling orders remain in effect.

      v. **The parties are warned that the Court is not inclined extend these deadlines, absent a compelling circumstance.**

b. The motion is denied without prejudice to the extent it seeks to compel a deposition of the corporate representative, given Plaintiff's failure to serve a notice of the deposition. Nevertheless, Plaintiff may serve a notice for a 30(b)(6) deposition on Defendant. This deposition need not be limited to the information contained in the so-called Comparator Chart,

        which has been produced in discovery.  The parties must confer in good faith regarding the topics for any 30(b)(6) deposition.

c.    The motion is granted in part and denied without prejudice in part to the extent it seeks the production of documents. Defendant is compelled to produce the following documents, including documents setting forth the factual allegations, for each of the individuals named in the so-called Comparator Chart, to the extent they exist, subject to the redaction of personal identifying information (e.g., names, dates of birth, social security numbers, telephone numbers, addresses, etc.):  the initial notice, the outcome of any provisional suspension hearing, the hearing transcript, the final decision, and any decision on appeal. With regard to hearing transcripts, Defendant may not redact factual information.  The request is denied without prejudice to the extent it seeks to compel any other documents.

d.    The motion is denied without prejudice to the extent it seeks any greater or different relief.

**DONE** and **ORDERED** in Tampa, Florida on May 8, 2023.

_____
Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties