UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVAUGHN DINGLE

      Plaintiff,

v.

UNITED STATES OF SOUTH
FLORIDA BOARD OF
TRUSTEES,

      Defendant.

_____/

Case No..: 8:21-CV-02861-MSS-MRM

### PLAINTIFF'S MOTION TO COMPEL
### PRODUCTION OF DOCUMENTS FROM DEFENDANT

Plaintiff, Kevaughn Dingle ("Dingle" or "Plaintiff"), by counsel and pursuant to Federal Rules of Civil Procedure 37, and Local Rule 3.01, moves this Court for an order compelling Defendant, University of South Florida Board of Trustees ("USFBOT" or "Defendant"), to produce all final hearing audio recordings from the comparator cases for transcription [Doc. 36-2]. The grounds upon which this motion is based and the reasons why it should be granted are as follows:

### Background

1.    This case is set for a jury trial period commencing on February 5, 2024, and the discovery deadline is July 7, 2023 [Doc. 43].

2.    On August 24, 2022, Plaintiff served his First Request for Production of Documents (the "Request") [Doc. 36-1]. On October 21, 2022, Defendant served its Responses to Plaintiff's Request. *Id.*

3.     Plaintiff's Request included multiple requests seeking information and documents from potential comparator cases similar to Plaintiff's disciplinary proceeding. *See Id*. at Request Nos. 4-6, 10, 25, and 32. Defendant responded with a litany of boilerplate objections, including an objection that the documents sought were protected under Chapter 119, FERPA, and/or Chapter 1000, Florida Statutes. *Id*.

4.     In January, the parties engaged in a good-faith phone call during which they discussed the production of the comparator information and documents. Counsel for Defendant stated she needed to discuss with her client prior to agreeing to a resolution, if any, to produce the information.

5.     Following the parties' January call, on February 1, 2023, counsel for Plaintiff emailed counsel for Defendant requesting an update as to whether Defendant would produce the comparator information.

6.     On February 2, 2023, Plaintiff served his First Set of Interrogatories on Defendant which included interrogatories substantially similar to Plaintiff's First Request for Productions regarding comparators. For example:

> **RFP No. 4:** All documents, for each academic year from 2014 through the present, that refer or relate to reports, audits, compilations, graphs, and statistics prepared by or for the University regarding disciplinary proceedings related to violations of the Sexual Misconduct Policy, including but not limited to such data as (a) the number of sexual harassment, sexual misconduct (including sexual assault), dating violence, domestic violence, and stalking incidents reported each year, (b) the type of alleged misconduct or violation, (c) the charge(s) brought against the accused, if any, (d) the date of the Hearing, if a Hearing was held, (e) the names of the Hearing Board members, (f) the findings of the Hearing Boards, (g) the sanction(s) imposed, (h) the appeal, if any, (i) the name of the Appellate Officer, and (j) the outcome of the appeal - with

the names of all involved students redacted, but the gender of the students indicated.

**Interrogatory No. 2:** Identify, for each academic year from 2014 through the present, (a) the number of sexual harassment, sexual misconduct (including sexual assault), dating violence, domestic violence, and stalking incidents reported each year, (b) the type of alleged misconduct or violation, (c) the charge(s) brought against the accused, if any, (d) the date of the Hearing, if a Hearing was held, (e) the names of the Hearing Board members, (f) the findings of the Hearing Boards, (g) the sanction(s) imposed, (h) the appeal, if any, (i) the name of the Appellate Officer, and (j) the outcome of the appeal - with the names of all involved students redacted, but the gender of the students indicated.

7.     On February 3, 2023, counsel for Plaintiff sent email correspondence requesting an update as to whether Defendant would produce the requested comparator information.

8.     On February 6, 2023, counsel for Defendant responded stating, "I'm checking with my client and will get back to you as soon as possible." On February 8, 2023, counsel for Plaintiff followed up again via email and requested an update regarding the production of the comparator information.

9.     On February 23, 2023, Plaintiff's counsel, for the fourth time, requested counsel for Defendant to provide an update on whether Defendant would produce the comparator information. On February 28, 2023, Defendant's counsel responded to the February 23 email stating: "We are still working on this to see what information we are able to gather and provide without having FERPA issues. I expect to have an answer for you next week at the latest."

10.    On March 2, 2023, following the deposition of Plaintiff, counsel for the parties conferred regarding the scheduling of depositions and conferred once again regarding the production of the comparator information.

11.    On Friday, March 17, 2023 at 5:18 p.m., Defendant responded to Plaintiff's First Set of Interrogatories, after requesting and receiving consent to an extension from Plaintiff. In response to Interrogatory No. 2, Plaintiff asserted similar objections as it did in response to Plaintiff's First Request for Production, but also produced a chart identifying the long sought-after comparator information (the "Comparator Chart") [Doc. 36-2].

12.    On April 7, 2023, Plaintiff's counsel conferred with Defendant's counsel regarding whether Defendant would agree to produce the underlying files/information from the cases identified on the Comparator Chart. Counsel for Defendant stated the information could not be produced because Chapter 119, FERPA, and/or Chapter 1000, Florida Statutes, prevented the disclosure of the information. The comparator information requested by Plaintiff, and which forms the basis of the Comparator Chart, is not protected from disclosure by Chapter 119, FERPA, and/or Chapter 1000, Florida Statutes. *D'Elia v. Indian River Cnty. Sch. Bd.*, No. 21-14215-CIV-SMM, 2022 WL 309379, at *5 (S.D. Fla. Feb. 2, 2022) (Comparator students' records are relevant and neither FERPA nor Chapter 1000, Florida Statutes prevent disclosure so long as the comparator student's personally identifiable information is redacted).

13.    On April 20, 2023, Plaintiff filed his motion to extend discovery deadline by thirty days and to compel corporate representative deposition and production of

documents [Doc. 36]. Plaintiff's motion sought, in pertinent part, to compel Defendant to produce the underlying files/information from the cases identified in chart identifying comparator information (the "Comparator Chart"). *Id.* Defendant filed its response to Plaintiff's motion on May 1, 2023 [Doc. 39].

14.    On May 8, 2023, the Court heard Plaintiff's motion. [Doc. 40]. Following the hearing, the Court entered an Order [Doc. 42], which provides as follows:

> The motion is granted in part and denied without prejudice in part to the extent it seeks production of documents. Defendant is compelled to produce the following documents, including documents setting forth the factual allegations, for each of the individuals named in the so-called Comparator Chart, to the extent they exist, subject to the redaction of personal identifying information (e.g., names, dates of birth, social security numbers, telephone numbers, addresses, etc.): the initial notice, the outcome of any provisional suspension hearing, ***the hearing transcript***, the final decision, and any decision on appeal. With regard to hearing transcripts, Defendant may not redact factual information. The request is denied without prejudice to the extent it seeks to compel any other documents.

*Id.* (Emphasis added).

15.    Following entry of the Order, in early June, counsel for both parties engaged in further good faith discussions regarding Defendant's production of comparator information and scheduling Defendant's corporate representative for deposition. Specifically, Plaintiff requested Defendant produce the Court ordered final hearing transcripts from the comparator cases identified in the Comparator Chart.

16.    In response, Defendant stated the comparator hearing transcripts were maintained in audio file format—that it did not possess written transcripts. As a

courtesy, Plaintiff offered to cover the cost to transcribe the audio recordings into written format.

17.    On June 12, 2023, Plaintiff followed up with Defendant regarding production of the comparator transcripts and asked whether Defendant agreed to transcribe the audio files from the comparator final hearings. That same day, Defendant responded that it did not object to Plaintiff incurring the transcription costs.

18.    On June 23, 2023, Plaintiff again contacted Defendant regarding production of the comparator transcripts and scheduling Defendant's corporate representative deposition during the week of July 4, 2023. Defendant responded that its corporate representative was available for deposition on July 18, 2023, after the discovery deadline passed, but did not respond to Plaintiff's request for a status update on the comparator transcripts.

19.    On June 29, 2023, Plaintiff requested Defendant provide an update regarding the comparator transcripts and emphasized his immediate need for production to adequately prepare for Defendant's corporate representative deposition. Defendant responded, despite its prior agreement to allow for transcription of the audio files, that it would not create documents nor produce the audio files for transcription.

20.    That same day, Defendant supplemented its prior production of documents but failed to produce any of the Court ordered and previously agreed upon comparator transcripts.

21.     In a good faith effort to resolve this discovery dispute, Plaintiff reminded Defendant of the parties' agreement and that the Court previously overruled Defendant's arguments regarding privacy concerns under Chapter 119, FERPA, and Chapter 1000, Florida Statutes. However, Defendant responded that it would stand by its objections and refused to produce the audio files from the final comparator hearings.

22.     Defendant's delay tactics continue to prejudice Plaintiff's ability to meet the discovery deadlines and require judicial intervention. Moreover, Defendant's failure to produce the audio files for transcription directly violates the Order compelling production of the comparator final hearing transcripts [Doc. 42]. Accordingly, Defendant should be required to produce the audio files for transcription and be sanctioned for failing to abide by May 8, 2023 Order. *See U & I Corp. v. Advanced Med. Design*, 251 F.R.D. 667, 674 (M.D. Fla. 2008) (sanctions, including fees and costs, may be granted against a party under Rule 37 for failure to comply with a discovery order, notwithstanding a lack of willfulness or bad faith).

23.     Based on the foregoing, Plaintiff requests the Court enter an order (1) requiring Defendant to produce the audio recordings for the final hearings in the cases identified on the Comparator Chart but redacting personally identifiable information; (2) awarding monetary sanctions against Defendant to include Plaintiff's cost of expenses/attorney's fees associated with the filing of this motion; and (3) granting any and all other relief this Court may deem just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), Plaintiff's counsel conferred with counsel for Defendant regarding the relief requested herein and Defendant's counsel opposes the requested relief.

/s/ Anthony J. Severino
Kenneth G. Turkel - FBN 867233
E-mail: kturkel@tcb-law.com
Anthony J. Severino – FBN 093452
E-mail: aseverino@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 N. Tampa Street, Suite 1900
Tampa, FL 33602
Tel: (813) 834-9191
Fax: (813) 443-2193
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of June, 2023, the foregoing document was filed with the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Anthony J. Severino
Attorney