## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KEVAUGHN DINGLE,**

                    **Plaintiff,**

**vs.**                                          **Case No.: 8:21-cv-02861-T-35AEP**

**UNIVERSITY OF SOUTH FLORIDA**
**BOARD OF TRUSTEES,**

                    **Defendant.**

_____/

## DEFENDANT'S OMNIBUS MOTION IN LIMINE
## AND REQUEST TO FILE SUPPLEMENTAL MOTION (IF NECESSARY)
## AFTER RULING ON MOTION FOR SUMMARY JUDGMENT

Defendant UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES

("USF" or "Defendant"), through its undersigned attorneys and pursuant to the

Federal Rules of Evidence, hereby moves for an order in limine prohibiting Plaintiff

from testifying; adducing evidence of; presenting any evidence, testimony, or

argument; or otherwise referring in the jury's presence (including in voir dire or in

Plaintiff's opening statement) to the following:

A.    Evidence Outside the Scope of the Claims Allowed to Proceed Before the
      Court

B.    Evidence Regarding Damages and Any Expert Witness Testimony

C.    Evidence Plaintiff Failed to Disclose in Discovery or That Otherwise
      Violates the Federal Rules of Civil Procedure

D.    Evidence Not Otherwise Admissible Under the Rules

      1.  Evidence That Cannot Be Authenticated

    2. Testimony and Evidence Not Presented During the Student
       Conduct Process

    3. Evidence of Purported Comparators Outside the Scope of Plaintiff's
       Claims in the Amended Complaint

## MEMORANDUM OF LAW

**I.**    **Plaintiff Cannot Introduce Evidence Outside the Scope of the Claims Allowed to Proceed Before the Court**

Rule 402 of the Federal Rules of Evidence provides that evidence must be relevant to be admissible at trial.  To this end, "relevant evidence" is that evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Additionally, Rule 403 of the Federal Rules of Evidence provides that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time."  Fed. R. Evid. 403.

Several courts have recognized that evidence relating to resolved or dismissed claims in employment-related cases is irrelevant.  See, e.g., Littleton v. Pilot Travel Centers, LLC, 568 F.3d 641, 648 (8th Cir. 2009) (granting motion in limine to exclude testimony of witnesses who could only provide testimony relevant to retaliation claims previously dismissed by the court); Greenfield v. Sears, Roebuck and Co., No. 04-71086, 2006 WL 2927546, at *5 (E.D. Mich. 2006) (finding that failure to promote claims, which had been abandoned prior to summary judgment, were separate

incidents no longer before the court and therefore properly excluded as irrelevant to the sole remaining failure to promote claim at issue for trial); <u>Washington v. Orleans Parish School Bd.</u>, No. Civ. A. 01-1863, 2002 WL 1066748 (E.D. La. 2002) (precluding plaintiff from introducing any evidence relating to a previously dismissed claim as it is irrelevant to the remaining discrimination and retaliation claims).

On July 7, 2023, after the discovery period closed, Defendant filed its Motion for Summary Judgment (Dkt. No. 54) seeking judgment as a matter of law on Plaintiff's claims.   Plaintiff filed his Response in Opposition (Dkt. No. 68) on September 27, 2023, and Defendant filed its Reply (Dkt. No. 72) on October 18, 2023. To the extent that the Court limits the claims and issues to be presented to the jury in its ruling on Defendant's Motion for Summary Judgment, Plaintiff cannot rely on evidence outside the scope of these claims, which is irrelevant and will only serve to confuse and mislead the jury, unduly and unfairly prejudice Defendant, waste the Court's time and resources, and unnecessarily lengthen this trial.   Defendant requests permission to supplement this Motion, if necessary, after the Court's ruling on the Motion for Summary Judgment to identify the specific evidence and documents that it seeks to limit as a result of that ruling.

## II. Plaintiff Cannot Introduce Evidence Regarding Damages and Expert Witness Testimony

### A. Plaintiff Should Be Precluded from Offering Evidence of Damages at Trial

Rule 26(a)(1)(A)(iii) provides that "a party must, without awaiting a discovery request, provide to the other parties[] a computation of each category of damages

claimed by the disclosing party  -- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of the injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). While Plaintiff provided his initial disclosures on July 20, 2022, he did not provide any computation of damages as required by Rule 26. (Dkt. No. 55-7 at 70–76). Plaintiff did not amend or supplement these initial disclosures.

During the course of discovery, Defendant served the following interrogatory to Plaintiff:

> 14.   With as much specificity as possible, please set forth all of your injuries and the exact amount of damages that you claim, whether as an affirmative claim or as a setoff, and include in your answer: the count to which the item of damages relates; a statement of the elements of each claim of money damages and the amount being sought with respect to each element; the category into which each item of damages falls, i.e., general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the monetary value placed on each category of damage; the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used.

(Pl. Ex. 40 (55-7 at 12). Plaintiff responded as follows:

> Response:   Pursuant to Rule 33(D), Federal Rules of Civil Procedure, see Expert Report of Amanda Thomas, M.Ed., Ed. S., and Julianne Frain, Ph.D., C.R.C., C.L.C.P., ABVE/D previously produced.

(Id.). In his deposition, Plaintiff affirmed, under oath, that these answers to interrogatories were true, correct, and complete. (Pl. 177:6-178:19). Thus, Plaintiff, once again, failed to provide any computation for damages. As set forth below, under

Rule 37, Plaintiff's failure to provide this information warrants the exclusion of any evidence at trial regarding damages.  See Fed. R. Civ. P. 37(a)(4), 37(c).

To the extent that the purported "Expert Report" could be considered as satisfying Plaintiff's obligation under Rule 26(a), 33, and 37, as set forth below, Plaintiff's claim for damages would be limited to this report, and, for the reasons set forth below, this report and any testimony from expert witnesses must be excluded as Plaintiff failed to comply with Rule 26(a)(2) in providing an expert witness disclosures. Thus, as Plaintiff's expert witnesses and report must be excluded, Plaintiff cannot establish damages at trial.

### B.    Plaintiff Failed to Provide Expert Disclosures

Federal Rule of Civil Procedure 26 requires that "[a] party must make [expert witness] disclosures at the times and in the sequence the court orders." Fed. R. Civ. P. 26(a)(2)(D). To make a proper disclosure, parties must, by the deadline, disclose the identity of their experts "accompanied by a written report." Fed. R. Civ. P. 26(a)(2)(B). The detailed written report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous ten years; (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

Rule 26(e) imposes a duty on an expert to supplement a report "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). But any additions or changes to the expert report "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2); Guevara v. NCL (Bahamas) Ltd., 920 F.3d 710, 718 (11th Cir. 2019).

The disclosure requirements aim to provide parties with a reasonable opportunity to prepare effective cross-examination and arrange for rebuttal testimony from other experts if needed. Reese v. Herbert, 527 F.3d 1253, 1265 (11th Cir. 2008) (quotations omitted). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." Cooper v. S. Co., 390 F.3d 695, 728 (11th Cir. 2004) (internal citation omitted), overruled on other grounds by, Ash v. Tyson Foods, Inc., 546 U.S. 454, 457-58 (2006). If a party violates Rule 26(a) or (e), Rule 37(c) provides for the exclusion of the expert evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); see also OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1363 (11th Cir. 2008) ("Under Rule 37(c)(1), a district court clearly has authority to exclude an expert's testimony where a party has failed to comply with Rule 26(a) unless the failure is substantially justified or harmless."). The burden of establishing that the failure was

substantially justified or is harmless lies with the non-disclosing party. Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009).

Here, the Case Management and Scheduling Order entered on July 5, 2022, set Plaintiff's expert disclosure deadline for December 12, 2022. (Dkt. No. 25 at 1). The Court further stated:

> On or before the date set forth in the above table for the disclosure of expert reports, the party shall fully comply with Federal Rule of Civil Procedure 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

(Id. at 4).

Plaintiff served his Initial Disclosures on July 20, 2022. (Dkt. No. 55-7 at 70–76). As set forth above, Plaintiff did not identify any expert witness he may use at trial. Instead, Plaintiff "reserve[d] the right to identify additional witnesses, including but not limited to expert witnesses, as its investigation of this matter continues." (Id. at 73). Plaintiff also stated that such witnesses would be disclosed "[c]onsistent with the timing set forth in the Federal Rules of Civil Procedure, Middle District of Florida Local Rules, Middle District of Florida Discovery Handbook, and the Case Management Order to be entered by the Court in this matter . . . ." (Id.).

On December 12, 2022, the deadline for Plaintiff to provide expert disclosures, Plaintiff sought from Defendant a twenty-day extension of time (through January 3, 2023) to provide the required disclosure. Defendant consented to this extension of time.

On January 3, 2023, Plaintiff provided to Defendant a "Preliminary Vocational Assessment and Loss of Earning Capacity Analysis," dated November 6, 2022. (Dkt. No. 67-23).   Plaintiff did not provide any other written expert disclosure.   The Preliminary Report purports to have been completed by "Vocational Evaluator" Amanda Thomas and "Vocational Expert" Julianne Frain of Rehab Pro Assessment and Consultation.  (Id. at 1).  The Preliminary Report states that Plaintiff "was referred to Rehab Pro Assessment and Consultation for a Vocational Assessment and Preliminary Loss of Future Earning Capacity Analysis in relation to his pending claim against the University of South Florida."  (Id. at 2).  The Preliminary Report states that "[t]he purpose of the assessment was to determine [Plaintiff's] level of employability and anticipated economic losses in relation to losing his opportunity to complete his college degree."  (Id.).  The Preliminary Report further states that it "is anticipated for mediation purposes only and, if the case is not resolved, the expert will complete an amended, updated report."[1]  (Id.).  Despite the requirements of Rule 26(a)(2), the Preliminary Report did not include any exhibits that will be used to summarize or support the experts' opinions, the witnesses' qualifications and publications authored in the previous 10 years, a list of all other cases in which each witness testified as an expert at trial or by deposition, or a statement of the compensation to be paid.  (Id.).  It also did not include a final or complete statement

---

[1] Notably, the report is dated November 6, 2022, and the parties mediated this action on November 9, 2022.  (See Notice of Mediation (Dkt. No. 27)).

of the purported expert witnesses.  (Id.).

Prior to the close of discovery on July 7, 2023, Plaintiff did not provide a final or complete expert report as stated in the Preliminary Report, and Plaintiff did not provide any of the other materials required by Rule 26(a)(2)(B)(i)–(vi).  Plaintiff also did not amend his Initial Disclosures to identify any testifying expert.  On December 8, 2023, Plaintiff identified Thomas and Frain on his Expert Witness List filed with the Joint Pretrial Statement. (Dkt. No. 75-8).  This was the first time Plaintiff identified any testifying expert in this matter, but Plaintiff also did not provide any of the missing information.

Because Thomas and Frain were retained or specially employed to provide expert testimony, Plaintiff was required to comply with the expert disclosure requirements set forth in Rule 26(a)(2)(B).  However, Plaintiff failed to comply with any of the expert disclosure requirements.  The only expert material Plaintiff provided to Defendant was the Preliminary Report. Many courts have determined that "preliminary" reports do not comply with Rule 26(a)(2)(B). See, e.g., Mobile Shelter Sys. USA v. Grate Pallet Sols., LLC, 845 F. Supp. 2d 1241, 1250–51 (M.D. Fla. 2012) (granting motion in limine to exclude expert testimony where first expert report was a "preliminary analysis" which failed to comply with the requirements of Rule 26(a)(2(B)), and second expert report was not timely disclosed); Acosta v. Electrolux N. Am., No. 08-60213-CIV, 2008 U.S. Dist. LEXIS 103633, at *5 (S.D. Fla. Dec. 16, 2008) ("[A] 'preliminary report' does not suffice under Rule 26."); Dyett v. N. Broward Hosp. Dist., No. 03-60804-CIV, 2004 U.S. Dist. LEXIS 30473, at *1 (S.D. Fla. Jan.

21, 2004); <u>Smith v. State Farm Fire and Cas. Co.</u>, 164 F.R.D. 49, 53 (S.D. W. Va. 1995) ("A 'preliminary' report is not contemplated by the Rule, which calls for "a complete statement of all opinions to be expressed."). Expert reports must be "detailed and complete." Fed. R. Civ. P. 26 advisory committee's note. An expert report must be so complete that "opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover, the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." <u>Dyett</u>, 2004 U.S. Dist. LEXIS 30473 at *1 (quoting <u>Salgado v. Gen. Motors Corp.</u>, 150 F.3d 735, 742 (7th Cir. 1998)); <u>see also</u> <u>Goodbys Creek, LLC v. Arch Ins. Co.</u>, No. 3:07-cv-947-J-34HTS, 2009 U.S. Dist. LEXIS 40885, at *1 (M.D. Fla. Apr. 27, 2009) ("An expert report is adequate when it is 'sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced.'").

On its face, the Preliminary Report did not comply with Rule 26(a)(2)(B). Notably, the Preliminary Report does not comply with Rule 26(a)(2)(B)(i), as the experts admit that the report is incomplete and was prepared "for mediation purposes only." (Dkt. No. 67-23 at 2). The Preliminary Report also does not include the information required by Rule 26(a)(2)(B)(iii), (iv), (v), and (vi). Plaintiff failed to comply with his disclosure obligations, which has prejudiced Defendant, and he has no substantial justification for doing so. Given Plaintiff's failure to provide proper and complete expert disclosures by the deadline set by the Court or, at a minimum, by the discovery deadline, Plaintiff has made no disclosure. Indeed, even at this late date,

after the pretrial statement has been filed and forty-five days before the commencement of the trial term, Plaintiff still has not provided a compliant disclosure and report. Plaintiff's failure to disclose has prejudiced USF and this Court. Plaintiff has not sought an extension of the schedule to make a late disclosure, nor could he establish good cause under Rule 16(b) for doing so. See, e.g., Mobile Shelter Sys. USA v. Grate Pallet Sols., LLC, 845 F. Supp. At 1250–52; Perez-Santiago v. Volusia Cty., No. 6:08-cv-1868-Orl-28KRS, 2009 U.S. Dist. LEXIS 131663, at *4–5 (M.D. Fla. Oct. 29, 2009).

As the Eleventh Circuit has noted, "compliance with the requirements of Rule 26 is not merely aspirational." Reese, 527 F.3d at 1266. Accordingly, Plaintiff must be precluded from calling any expert at trial or otherwise presenting, relying on, or referencing the Preliminary Report. Allowing Plaintiff to call expert witnesses, which were never properly disclosed, at this late stage of the proceedings would cause Defendant severe prejudice. As Plaintiff failed to make a proper expert disclosure, and his claims for damages relies solely on this improper, incomplete, and deficient report,[2] the Court should exclude any evidence of damages at trial.

## C.    Plaintiff's Expert Testimony Is Irrelevant

Even if Plaintiff had properly disclosed Thomas and Frain, this testimony and evidence is inadmissible as irrelevant and its probative value is substantially

---

[2] As set forth in Defendant's objections to Plaintiff's Exhibits (Joint Final Pretrial Statement (Dkt. No. 75) Ex. 2 at 10), the report itself also is inadmissible hearsay. See Fed. R. Evid. 802, 805; see also Johnston v. Borders, No. 6:15-cv-936-Orl-40DCI, 2018 U.S. Dist. LEXIS 150014, at *3 (M.D. Fla. Sep. 4, 2018) ("Expert reports are hearsay").

outweighed by unfair prejudice and its potential to confuse the issues, mislead the jury, and unnecessarily lengthen the trial.  Rule 402 of the Federal Rules of Evidence provides that evidence must be relevant to be admissible at trial.  To this end, "relevant evidence" is that evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Additionally, Rule 403 of the Federal Rules of Evidence provides that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time."  Fed. R. Evid. 403.

The Preliminary Report estimates damages based entirely on "economic losses in relation to losing his opportunity to complete his college degree." (Dkt. No. 67-23 at 2, 6). However, Plaintiff testified at his deposition that he had opportunities to complete his bachelor's degree after his expulsion from USF, but he declined to do so because he was not interested in obtaining it. (Dkt. No. 55, Pl. 39:13–40:9, 64:14–16). Plaintiff had several opportunities to complete his bachelor's degree after his expulsion from USF and it is undisputed that his expulsion had no impact on those opportunities. (Id. at 21:7–12, 37:21-24, 39:13–16, 40:6–9, 64:10–19, 191:9–16).  Indeed, Plaintiff was expelled from one institution and voluntarily elected not to pursue his bachelor's degree at the other two.  (Id. at 8:13–15, 32:21–23, 33:2–9, 35:4-23, 36:10-15; Dkt. No. 55-1, PX7:500153, PX8:500152).  The Preliminary Report, which was completed prior to Plaintiff's deposition and never updated, did not account for this testimony and

evidence.  Because the Preliminary Report and expert testimony is based on Plaintiff's lack of bachelor's degree, a degree he admits he did not want and did not pursue, the testimony is irrelevant, prejudicial, and unnecessary, and therefore must be excluded.

## III.    Plaintiff Cannot Introduce Evidence He Failed to Disclose in Discovery or That Otherwise Violates the Federal Rules of Civil Procedure

Plaintiff has made clear through his witness list and exhibit list that he will attempt to introduce materials, which he has not disclosed in compliance with his obligations under Federal Rule of Civil Procedure 26(a) and (e).  As outlined in further detail below, Plaintiff should not be allowed to use such documents or call such witnesses at trial in accordance with Federal Rule of Civil Procedure 37(c)(1).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); see also Faulk v. Volunteers of Am., 444 F. App'x 316, 317-18 (11th Cir. 2011) (citing Cooper v. S. Co., 390 F.3d 695, 728 (11th Cir. 2004)).  Plaintiff failed to comply with his disclosure obligations, which has prejudiced Defendant, and he has no substantial justification for doing so.

Specifically, Plaintiff identified several exhibits, which were not produced during discovery or anytime thereafter, on his Exhibit List filed with the Joint Pretrial Statement:

- "Transcript of Audio Recording of Kevaughn Dingle interview by Sergeant Brian Pearson"

13

- "02/13/18 Chapter 119 Records Request from Goudie & Kohn to Hillsborough County State Attorney's Office"

- "Chart of Collective USF Testimony"[3]

(Dkt. No. 75-1 at 3, 5, 10).

Additionally, Plaintiff's Witness List identified Lyann Goudie, Plaintiff's attorney at the time he was disciplined by USF. (Dkt. No. 75-5 at 3). Goudie was not listed as an individual likely to have discoverable information in Plaintiff's Initial Disclosures. (Dkt. No. 55-7 at 70–76). In addition, Plaintiff asserted attorney-client privilege with respect to Goudie's communications. (See Dkt. No. 54-2). Now, after the close of discovery, Plaintiff apparently seeks to selectively waive attorney-client privilege and have Goudie testify regarding a number of matters, including the "State Attorney's file" regarding Plaintiff,[4] USF's discipline of Plaintiff, and Plaintiff's efforts to continue his education. (See Dkt. No. 75-5 at 3).

The Court should not countenance such a patent violation of the rules. United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) ("They together with pretrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."); Abdullah v. City of Jacksonville, No. 3:04-CV-667-J-32TEM, 2005 WL 8159700, at *1 (M.D. Fla. Oct. 20, 2005) ("The overall purpose of discovery under the Federal Rules is to require the

---

[3] See Dkt. No. 67-22. These documents also are inadmissible hearsay as well as inadmissible hearsay within hearsay. Indeed, this chart is, at best, argument masquerading as evidence and is wholly inadmissible. Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154, 1161 (11th Cir. 2004).

[4] As further explained below, Goudie has no personal knowledge of the records of the state attorney's office, and her testimony regarding those records must be excluded.

disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.").

Plaintiff's failure to disclose this information and witness is not harmless or substantially justified. Plaintiff does not and cannot offer any excuse, let alone a substantial justification, for why he failed to disclose this information. Allowing Plaintiff to rely on still undisclosed information and call an undisclosed witness at this late stage of the proceedings would cause Defendant severe prejudice. Indeed, it would permit trial by ambush, which is contrary to the very purpose of the rules. Fed. R. Civ. P. 26(a) (advisory committee's notes 1983) ("The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. 'Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" (citing Hickman v. Taylor, 329 U.S. 495, 507 (1947))). Accordingly, Plaintiff should be precluded from calling witnesses or otherwise presenting evidence or testimony disclosed after the close of discovery at trial.

## IV.    Plaintiff Cannot Introduce Other Inadmissible Evidence

In addition to the foregoing, it appears that Plaintiff also intends to rely on other inadmissible evidence, including evidence that cannot be authenticated, facts not presented to Defendant at the time it made its disciplinary decision, and evidence of purported comparators outside the scope of the claims in the Amended Complaint. This evidence is inadmissible as irrelevant, hearsay, and its probative value is

substantially outweighed by unfair prejudice and its potential to confuse the issues, mislead the jury, and unnecessarily lengthen the trial.

### A.    Evidence That Cannot Be Authenticated

Federal Rule of Evidence 901 requires that a party seeking to admit evidence must produce sufficient evidence "to support a finding that the item is what the proponent says it is." Fed. R. Evid. 901. A year before filing this action, Plaintiff obtained an order expunging all records related to his criminal arrest. (Dkt. No. 55-6, PX38:000530–32). During discovery, Plaintiff produced some records that he purports were created or maintained by the state attorney's office.   Plaintiff's Exhibit list identifies many of these documents for use at trial:

- "Transcript of Audio Recording of Kevaughn Dingle interview by Sergeant Brian Pearson"

- "05/30/18 Response letter to Public Records Request from Hillsborough County State Attorney's Office to Lyann Goudie, Esq. and documents provided with same"

- "Search Warrant dated 11/17/17"

- "Memo from the State Attorney's Office for the Thirteenth District dated 2/7/18"

- "Notice of Case Status – Letter of Release, Case No. 2017-CF-016780"

- "02/13/18 Chapter 119 Records Request from Goudie & Kohn to Hillsborough County State Attorney's Office"

(See Dkt. No. 75-1).

However, these records cannot be authenticated because Plaintiff caused the official records to be deleted and USF does not have access to the complete files of

USFPD or the state attorney's office. Plaintiff appears to be relying on Lyann Goudie, Plaintiff's attorney for his disciplinary and criminal proceedings, to authenticate the records of the state attorney's office. (Dkt. No. 75-5 at 3). Goudie, however, has no personal knowledge of the records of the state attorney's office. Indeed, there is no witness that could testify, based on personal knowledge, that these documents are authentic copies of the official records of the state attorney's office because Plaintiff had them destroyed. Because these items cannot be properly authenticated, they must be excluded from evidence.

These records also are inadmissible hearsay and precluded by Rule 403. <u>United States v. Seventy-Four Thousand Seven Hundred Dollars ($ 74,700) in United States Currency</u>, No. 2:06-cv-0736-WKW, 2008 U.S. Dist. LEXIS 32170, at *5 n.1 (M.D. Ala. Apr. 18, 2008) (concluding that a search warrant and affidavit are inadmissible hearsay). Likewise, Lyann Goudie's letter to Garden City College also is hearsay, irrelevant, and barred by Rule 403. Even if Plaintiff could authenticate the documents, this evidence must be excluded as hearsay and under Rule 403.

Likewise, based on Plaintiff's statement of the case in the Joint Final Pretrial Statement, it also appears that Plaintiff will attempt to elicit evidence regarding the investigation and conclusions of the state attorney's office. (Joint Final Pretrial Statement at 7). Yet, all evidence of the investigation and conclusions reached were expunged as a result of Plaintiff's request before filing this lawsuit. Therefore, Plaintiff cannot attempt to elicit such testimony or other evidence as he caused it to be permanently deleted shortly before he filed this lawsuit. In addition to lack of

17

authentication, this testimony or other evidence also must be precluded as hearsay and under Rule 403.[5]

Plaintiff also appears to rely on purported newspaper or internet articles or sub-regulatory guidance.[6]   (Joint Final Pretrial Statement Ex. 1 at 3-4, 6-7).   These documents also are inadmissible hearsay as well as hearsay within hearsay.   Sklar v. Clough, No. 1:06-CV-0627-JOF, 2007 U.S. Dist. LEXIS 49248, at *7 (N.D. Ga. July 6, 2007) (granting a motion in limine to exclude news articles as hearsay and citing the weight of authority supporting that conclusion).   These documents also are not relevant and must be excluded under Rule 403.   Indeed, the undisputed evidence is that these documents were not considered by the University in making its decision and the decisionmakers did not feel any pressure from these articles.   (Steffen 90:9-10; USF 98:17-22; 100:21-25; 171:5-172:20).   Several of these articles long pre-date the formal hearing involving Dingle and thus have no relevance to these claims.   As a result, evidence or documents related to news or internet articles and sub-regulatory guidance must be excluded.

Finally, Plaintiff's exhibit list also includes vague categories of documents,

---

[5] Plaintiff contends that the state attorney's office "found insufficient evidence to constitute probable cause to file criminal charges against Mr. Dingle and determined that there was insufficient evidence that Plaintiff had engaged in nonconsensual sex." (Joint Final Pretrial Statement at 7).  There is no evidence that the state attorney reached any such conclusion.  The state attorney's office is required to meet a different burden (beyond a reasonable doubt) than the preponderance standard used in student conduct proceedings.  Thus, the state attorney's decision is irrelevant and it would be confusing and entirely misleading to present this information to the jury in this case.

[6] These documents also include a list purportedly from the Department of Education's website. (Joint Final Pretrial Statement Ex. 1 at 6).  This list is inadmissible hearsay, irrelevant, and inadmissible under Rule 403.

which does not comply with Local Rule 3.06 and 3.07. (Joint Final Pretrial Statement Ex. 1 at 10-13).  These documents, as described, contain inadmissible and irrelevant documents that also are properly excluded as hearsay and under Rule 403.

### B.   Testimony and Evidence Not Presented During the Student Conduct Process

In support of Plaintiff's argument that Defendant reached the wrong outcome in his disciplinary proceeding, Plaintiff appears to be intending to rely on records and testimony that was not presented and was not considered during the student conduct process, including records purported to be the records of the state attorney's office, USFPD, and Plaintiff's testimony regarding the "underlying facts."  (See Dkt. No. 75-1; Dkt. No. 75-5).  Such records and testimony are irrelevant and inadmissible.

Neither Title VI nor Title IX require that an institution make correct decisions. Doe v. Sch. Bd. of Broward County, Fla., 604 F.3d 1248, 1259 (11th Cir. 2010) (Deliberate indifference is an exacting standard; school administrators will only be deemed deliberately indifferent if their "response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances."); Davis, 526 U.S. at 648 (citing New Jersey v. T.L.O., 469 U.S. 325 (1985)) ("School administrators will continue to enjoy the flexibility they require so long as funding recipients are deemed deliberately indifferent' to acts of student-on-student harassment only where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances.").  The intimate details of what, in fact, occurred between Plaintiff and Roe are not at issue. As the United States Supreme Court has articulated,

the question before the Court is whether the University acted clearly unreasonable in light of the circumstances known to the USF.  <u>Davis v. Monroe Cnty. Bd. of Educ.</u>, 526 U.S. 629, 648 (1999) (concluding that a university is liable under Title IX only when the university's "response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances.").

Therefore, the only evidence relevant to the claims at issue are the documents and testimony presented at the formal hearing: the USFPD synopsis, Title IX incident reports, command notification, a text message provided by Plaintiff, and the testimony presented by Plaintiff and Roe.

Plaintiff had the opportunity to present his version of events at the formal hearing.  However, he declined to explain the events or answer questions, including how he had consent. (Dkt. No. 55-3, PX20:000137–38, 000141–45).  Plaintiff cannot be allowed to tell a different version of events at trial, which was never presented to USF during the student conduct process, and such testimony must be excluded.  Similarly, as noted above, Plaintiff's Exhibit list includes exhibits purported to be the records of the state attorney's office and USFPD as well as newspaper articles and sub-regulatory guidance.  (<u>See</u> Dkt. No. 75-1).  These documents were not presented nor considered during the formal hearing, and thus they are irrelevant to the issues presented in Plaintiff's claims.  Any documents not presented at the formal hearing must be excluded as it is not relevant to the claims at issue or the legal issues to be decided in this case.

**C.     Evidence of Purported Comparators Outside the Scope of Plaintiff's Claims in the Amended Complaint**

In the Amended Complaint, Plaintiff's sole contention in support of his Title VI claim is that USF treated white students more favorably than him. (Dkt. No. 15 ¶¶ 129, 132, 133).   However, in his Response to Defendant's Motion for Summary Judgment and his statement in the Joint Final Pretrial Statement, Plaintiff now attempts to expand his claim, asserting that USF punished Black males more harshly than "non-Black" students.  (Dkt. No. 68 at 18–19; Dkt. No. 75 at 8-11).  "'A plaintiff may not amend [plaintiff's] complaint through argument in a brief opposing summary judgment.'"  Lightfoot v. Henry Cty. Sch. Dist., 771 F.3d 764, 779 (11th Cir. 2014). Indeed, the Eleventh Circuit found that the "district court did not err in declining to consider this new factual basis when it was raised in [Plaintiff's] opposition to summary judgment."  Id.   "This principle applies here even though [the plaintiff] characterizes the allegations at issue as 'additional evidence' rather than 'additional claims.'"  Mitchell v. Pilgrim's Pride Corp., 817 F. App'x 701, 708 (11th Cir. 2020) ("If Mitchell sought to stake his FMLA and disability claims on his transfer to the neck chiller department, he should have amended his complaint to state as much.").

This is a well settled principle and one that the Eleventh Circuit routinely reaffirms.  See Aning v. Fannie Mae, 633 F. App'x 773, 775 (11th Cir. 2016) (rejecting fraud claim when, in response to summary judgment, the plaintiff attempted to base it upon newly asserted allegations and facts); Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1228 (11th Cir. 2013) (relying on prior precedent and

stating that the Eleventh Circuit has refused to consider allegations not properly pled in the complaint at the summary judgment stage of the case); Merle Wood & Assocs., Inc. v. Trinity Yachts, L.L.C., 714 F.3d 1234 (11th Cir. 2013) (finding that the plaintiffs' attempt to change factual assertions in their complaint with a different theory with respect to an existing claim constituted an improper to attempt to amend their claims, and noting that "[p]laintiffs are masters of their claims" and that a court may "not simply ignore the allegations in the complaint" at the summary judgment stage); Moise v. Miami-Dade County, 17-20993-CIV, 2018 WL 4445111, at *12 (S.D. Fla. Aug. 22, 2018) ("Here, too, the Court finds that Plaintiff is attempting to impermissibly assert new facts and theories in his response to Defendant's Motion for Summary Judgment.").

Plaintiff attempts to re-write the Amended Complaint through his Response.  It has been well recognized that an attempt to offer newly-asserted arguments and facts as late as the summary judgment stage is, in actuality, "an improper attempt to amend [the] complaint."  Dukes v. Deaton, 852 F.3d 1035, 1046 (11th Cir. 2017).  To permit the plaintiff "to do otherwise would subject defendants to unfair surprise."  Tucker v. Union of Needletrades, Indus. & Textile Emps., 407 F.3d 784, 788 (6th Cir. 2005). The very purpose of notice pleading is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) (citations omitted)).  Because Plaintiff failed to move to amend the Amended Complaint to include this new basis for his Title VI claim, and because he first raised his claim that

22

USF treated "non-Black" students more favorably than him in response to Defendant's Motion for Summary Judgment, Plaintiff is not entitled to assert his new claim in support of his Title VI action.

## CONCLUSION

For all of the foregoing reasons, Defendant requests that the Court grant this Motion and enter an order in limine precluding the introduction of, reference to, or other use of the foregoing evidence and/or testimony at the trial of this matter.  If the Court is inclined to defer ruling on parts of this motion until trial, Defendant requests that Plaintiff be precluded from referencing this evidence in voir dire or his opening statement.  Additionally, Defendant requests that the Court permit Defendant to supplement this motion, if necessary, for the limited purpose of requesting the exclusion of evidence that is unrelated to claims that may be dismissed as a result of the Court's ruling on Defendant's Motion for Summary Judgment.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), United States District Court, Middle District of Florida, the undersigned hereby certifies that counsel for Defendant has conferred in-person on November 20, 2023, and by email on December 15, 2023, with counsel for Plaintiff regarding this motion.  The parties were unable to reach an agreement on the resolution of all or part of this motion.

Dated this 15th day of December, 2023.

Respectfully submitted,

*s/Sacha Dyson*

SACHA DYSON
Florida Bar No.: 509191
sdyson@bgrplaw.com
KEVIN M. SULLIVAN
Florida Bar No. 1003812
ksullivan@bgrplaw.com
BUSH GRAZIANO RICE
& PLATTER, P.A.
100 South Ashley Drive, Suite 1400
Tampa, Florida 33602
TEL:  (813) 228-7000
FAX:  (813) 273-0091
Attorneys for Defendant